UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| MARK W. and BETHANY J. SPALDING, Husband and Wife and the Marital Community Composed Thereof,<br><br>  Plaintiffs,<br><br>vs.<br><br>THE BONAGOFSKI, LLC, a Washington Limited Liability Company, and ALOYSIUS and "JANE DOE" BONAGOFSKI, Husband and Wife and the Marital Community Composed Thereof,<br><br>  Defendants. | NO.   C04-5440 FDB<br><br>ORDER GRANTING DEFENDANTS BONAGOFSKIS' MOTION FOR SUMMARY JUDGMENT |

There was a written lease agreement between the Bonagofski Family Trust as landlord and Dollar Saver, Inc., doing business as Dollar Saver Rent-a-Car as tenant. The lease was entered into on September 1, 2000 and expired on August 31, 2002 for leasehold premises known as 1110 West Main Stree, Centralia, Washington. On the premises were two hydraulic lifts for the tenant's use. Plaintiff Mark W. Spalding, an employee of the tenant, Dollar Saver, Inc., alleges in this case that he was injured on July 27, 2001 when he was working on a car at one of the hydraulic lifts.

Defendants move for summary judgment arguing that the law in Washington is that a landlord does not have liability to the tenant or any third party unless the landlord is obligated under the lease agreement between the parties to make repairs or the landlord had knowledge of a dangerous or defective condition and failed to inform the tenant. Pursuant to the terms of the lease, care and

maintenance of the premises, and specifically the hydraulic lifts, rested with the lessee, Dollar Saver, Inc. That during the term of the lease between Bonagofski Family Trust and Dollar Saver, Inc., there were no notices or other warnings to defendants to put them on notice of any alleged issues with the hydraulic lifts at the leasehold premises. By reference to facts and case law, Defendants argue that none of these exceptions apply and Defendants Bonogofski are entitled to summary judgment dismissing all of Plaintiff's claims.

Plaintiff Spalding was served with a copy of this motion and related documents [Dkt. # 22], and Plaintiff has filed no response.

Accordingly, good cause having been shown, and pursuant to Local Civil Rule 7(b)(2), Plaintiff having filed no response is taken as an admission that Dfendants' motion has merit. There being no genuine issue of material fact, Defendants are entitled to Judgment as a matter of law.

NOW, THEREFORE,

IT IS ORDERED: Defendants' Motion for Summary Judgment [Dkt. # 19] is GRANTED and Plaintiff's cause of action is DISMISSED with prejudice.

Done this 19th day of December 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE